IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 13-199 |
| | ) | [UNDER SEAL] |
| NATALIE MOSKORISIN | ) | |
| WESLEY WEAVER | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Eric S. Rosen, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a one-count Indictment against the above-named defendants for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Witness Intimidation. On or about June 6, 2013 | 18 U.S.C. §§ 1512(b)(1) and 2 | Both |

## II. ELEMENTS OF THE OFFENSE

A. As to Count 1:

In order for the crime of witness intimidation, in violation of 18 U.S.C. §§ 1512(b)(1) and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That NATALIE MOSKORISIN and WESLEY WEAVER, aided and abetted by one another, knowingly used intimidation, threatened, and corruptly persuaded Victims 1 and 2, or attempted to do so;

2. That NATALIE MOSKORISIN and WESLEY WEAVER, aided and abetted by one another, acted with intent to influence, delay and prevent the testimony of Victims 1 and 2 in the investigation and federal prosecution of David Best, an official proceeding;

3. That NATALIE MOSKORISIN and WESLEY WEAVER knew or should have known that the investigation and federal prosecution of David Best, an official proceeding, was pending or was likely to be instituted;

4. That the investigation and prosecution of David Best, the official proceeding, was a federal proceeding.

Third Circuit Model Jury Instruction 6.18.1512B (modified).

## III. PENALTIES

A. As to Count 1: Witness Intimidation (18 U.S.C. §§ 1512(b)(1) and 2):

1. A term of imprisonment of not more than ten (10) years;

2. A fine of $250,000, or an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. §3571(d));

3. A term of supervised release of not more than three (3) years;

4. Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

### VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

ERIC S. ROSEN
Assistant U.S. Attorney
NY ID No. 4412326